Bettye W. Hobbs v. Commissioner.
Hobbs v. Commissioner
Docket No. 92125.
United States Tax Court
T.C. Memo 1963-6; 1963 Tax Ct. Memo LEXIS 339; 22 T.C.M. (CCH) 15; T.C.M. (RIA) 63006; January 9, 1963
R. Monroe Schwartz, Esq., 712 Healey Bldg., Atlanta, Ga., for the petitioner. Winfield A. Gartner, Esq., for the respondent. FISHER
Memorandum Opinion FISHER, Judge: Respondent determined a deficiency in income tax of petitioner for the taxable year 1957 in the amount of $734.39. The only contested issue requiring our consideration is whether or not a payment of $3,600 made to petitioner by her former husband under a *340 separation agreement was a periodic payment of alimony includable in petitioner's gross income. All the facts are stipulated and are incorporated herein by reference. The petitioner, Bettye W. Hobbs, is an individual with principal residence in Atlanta, Georgia. The petitioner filed a separate Federal income tax return for the calendar year 1957 with the district director of internal revenue, Atlanta, Georgia. Petitioner married William J. Hobbs on January 19, 1954. On November 28, 1955, petitioner and her husband acquired a home for themselves, in their joint names, at 19 East Boulevard, in Rochester, New York. There was one child, a daughter, born of said marriage on February 25, 1957, in Rochester, New York. The petitioner and her former husband, William J. Hobbs, had differences which resulted in their separation. On June 6, 1957, in Rochester, New York, petitioner executed a separation agreement, entitled "Agreement," hereinafter referred to as such, with her husband. The tenth clause of that agreement provides for the $3,600 payment here in controversy as follows: TENTH: Subject to the provisions hereinafter set forth, the party of the first part covenants and *341 agrees to pay to the party of the second part as and for her support and maintenace the following amounts: (A) The sum of Thirty-six Hundred Dollars ($3,600.00) upon the granting of exclusive possession to the party of the first part of the premises situate at 19 East Boulevard, Rochester, New York, it being understood and agreed that no payments provided for hereunder shall become due and payable until such possession is obtained; the sum of Two Hundred Dollars ($200.00) per month for a period of one (1) year to be paid to the party of the second part at her then residence on or before the 5th day of each and every month, commencing as hereinabove provided at the time of the granting of exclusive possession of the above mentioned premises. During the second year party of the first part agrees to pay the sum of Thiry-six Hundred Dollars ($3600.00) on the anniversary date of the first payment made hereunder and the sum of Two Hundred Dollars ($200.00) per month for a period of one (1) year as hereinabove provided. On June 14, 1957, the petitioner conveyed her interest in the home in Rochester by quit-claim deed to William J. Hobbs for a recited consideration of $1.00. Petitioner *342 received the $3,600 payment called for in said tenth clause during the year 1957. Under the terms of the tenth clause of the agreement, petitioner also received payments in the amount of $1,200 during the year 1957. Said $1,200 was reported as alimony income on the petitioner's 1957 income tax return. The eleventh clause of the agreement provides that all the payments to be made under the agreement for the support and maintenance of the petitioner shall cease upon the happening of certain contingencies, as follows: ELEVENTH: It is understood and agreed between the parties hereto that the payments hereinabove specified to be made for the support and maintenance of the party of the second part shall cease and terminate immediately upon the remarriage of the party of the second part or upon her death, or upon the death of the party of the first part, except, however, that if the party of the first part dies within two (2) years from the date hereof, any payments to be made hereunder during the first two (2) years and unpaid at the time of his death shall be a claim against his estate. Petitioner contends the payment of $3,600 was not in the nature of alimony taxable as such, but *343 represented a payment in the nature of a property settlement and was not a periodic payment within the meaning of section 71(a) of the Code of 1954. The relevant statutory provisions are set forth below in Footnote 1. [1]
*344 We cannot agree with petitioner's contention that the payment ($3,600) in question was in the nature of a property settlement. The only evidence of intent before us is the agreement itself which clearly provides that the $3,600 as well as other payments was for support and maintenance. In the absence of proof of circumstances not here present, we cannot look through its provisions to find a construction entirely inconsistent with its provisions. It is equally apparent that the $3,600 represented a payment under a written separation agreement and because of the marital or family relationship. The question also arises as to whether or not the $3,600 payment made to petitioner by her husband was a periodic payment includable in her gross income under section 71(a)(2), or was an installment payment discharging a part of an obligation the principal sum of which was specified in the agreement within the meaning of section 71(c)(1), in which event such payment would not be periodic and would not be includable in determining petitioner's gross income. In the final analysis, this problem resolves itself into the question of whether or not the fact that the agreement (eleventh clause) *345 provided for the termination of any remaining obligation to pay upon the contingency of the wife's death or remarriage rendered the principal sum named in the agreement indefinite and other than a "specified" sum within the meaning of section 71(c)(1). If the principal sum is not "specified," the installment payments become "periodic" under section 71(a)(1). The solution of this problem is clearly controlled by Helen Stewart Cramer, 36 T.C. 1136, 1140-1141 (1961), which requires a resolution of the contested issue in favor of respondent in the instant case. We hold, therefore, that the payment in question was periodic and represented taxable income to petitioner. Decision will be entered under Rule 50. Footnotes
1. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule. - * * *
(2) Written separation agreement. - If a wife is separated from her husband and there is a written separation agreement executed after the date of the enactment of this title, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such agreement is executed which are made under such agreement and because of the marital or family relationship (or which are attributable to property transferred, in trust or otherwise, under such agreement and because of such relationship). This paragraph shall not apply if the husband and wife make a single return jointly. * * *
(c) Principal Sum Paid in Installments. - (1) General rule. - For purposes of subsection (a), installment payments discharging a part of an obligation the principal sum of which is, either in terms of money or property, specified in the decree, instrument, or agreement shall not be treated as periodic payments. * * *↩